UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROCKWELL COOLEY MENKEL,

                        Plaintiff,

      v.                                          7:05-CV-0826

GENERAL MOTORS CORPORATION, et al,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## **DECISION and ORDER**

        On July 1, 2005, Plaintiff commenced the instant products liability action against Defendants. In April 2007, Plaintiff's counsel moved to withdraw from its representation of Plaintiff. After a hearing on the issue, by Order dated May 11, 2007, Magistrate Judge Lowe granted the motion to withdraw. At that time, Magistrate Judge Lowe advised Plaintiff of "the importance of promptly obtaining new counsel." By letters dated December 10 and December 12, 2007, Defendants moved for permission to move to dismiss the case based on Plaintiff's failure to conduct discovery and failure to prosecute. Plaintiff was served with a copy of these letter requests.

        By letter dated December 13, 2007, Magistrate Judge Lowe advised Plaintiff that he intended to schedule a conference call at which time the Court would schedule firm dates for depositions and other pretrial discovery. Magistrate Judge Lowe warned that "[i]f you fail to participate in the conference call or fail to adhere to schedule established during the conference call, I will permit defense counsel to move to dismiss." Plaintiff did not participate

in Magistrate Judge Lowe's scheduled conference call. Accordingly, by Order dated January 4, 2008, Magistrate Judge Lowe granted Defendants' request for leave to move to dismiss for failure to prosecute.

On February 8, 2008, Defendant General Motors Corporation moved for failure to prosecute. Defendant Phinney's Chevrolet and Olds, Inc. has joined in the motion. The time to respond to the motion to dismiss was February 22, 2008. That time has now passed. To date, the Court has received no communications from Plaintiff concerning her opposition to the pending motions or her intention to continue to prosecute this matter.

Upon reviewing the relevant factors, see Shannon v. General Elec. Co., 186 F.3d 186 (2d Cir. 1999), Defendants' motion is GRANTED. First, since Plaintiff's counsel withdrew back in May 2007 there has been little to no progress in this case. There has been a period of approximately ten months of inaction in this case. The length of the delay becomes more significant when considering the several warnings provided to Plaintiff advising her to timely prosecute this matter. During this time, Plaintiff failed to pursue discovery, did not respond to certain of Defendants' discovery-related requests, failed to retain new counsel, failed to make the proper pre-trial disclosures, and failed to attend the conference with Magistrate Judge Lowe. Thus, Plaintiff's failures are of sufficient duration to warrant dismissal.

Second, as previously noted, Plaintiff received ample notice of the need to diligently prosecute this matter. Through Defendants' December 10, 2007 and December 12, 2007 letters to the Court, the Court's December 13, 2007 letter to Plaintiff, the Court's January 4, 2008 Order, and the February 8, 2008 motion, Plaintiff had ample notice that further delays would result in dismissal.

Third, further delay will prejudice Defendants. Prejudice from unreasonable delay may be presumed. Shannon, 186 F.3d at 195. The events that are the subject of this litigation are alleged to have occurred in 2000, when Defendant manufactured the subject vehicle, and 2002, when the vehicle was sold to Plaintiff and when Plaintiff was involved in an accident involving the vehicle. It has now been eight years since the vehicle was manufactured and over five years since the underlying accident occurred. The longer the period of time that transpires, the greater the likelihood that evidence in support of Defendants' position become unavailable and the recollection of their witnesses diminish. Id. This is sufficient to demonstrate prejudice.

Fourth, the Court must strike the balance between alleviating court calendar congestion and protecting Plaintiff's right to due process and a fair chance to be heard. Local Rule 41.2 requires the Court to dismiss an action "[w]henever it appears that the plaintiff has failed to prosecute an action or proceeding diligently." N.D.N.Y. R. 41.2(a); see Shannon, 186 F.3d at 195-96. That rule further provides that "the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution. Unless the assigned judge or magistrate judge otherwise orders, each party shall, not less than ten (10) days prior to the noticed hearing date, serve and file a certificate setting forth the status of the action or proceeding and whether good cause exists to dismiss it for failure to prosecute. . . . If a party fails to respond as this Rule requires, the Court shall issue a written order dismissing the case for failure to prosecute. . . ." Here, there has been inaction on Plaintiff's part for more than four months. The ten day prior notice time frame has expired and Plaintiff has not supplied any reason why this action should not be dismissed. In light of the ample notice to Plaintiff and the dictates of Local Rule 41.2, the Court finds that a fair

balance has been achieved between alleviating court calendar congestion and protecting Plaintiffs rights.  Shannon, 186 F.3d at 196.  Plaintiff had ample opportunity to prevent dismissal.

The fifth, and final, factor requires consideration of the efficacy of lesser sanctions. Plaintiff has not opposed Defendants' motion and has not otherwise suggested any alternative to dismissal.  The possibility of dismissal was raised more than two months ago with no response or objection from Plaintiff.  At no time has Plaintiff indicated that she is prepared to complete the necessary discovery or otherwise diligently proceed with this matter.  Accordingly, the Court has no reason to believe that lesser sanctions would be effective.  Shannon, 186 F.3d at 196.

For the foregoing reasons, Defendants' motions are GRANTED and this matter is DISMISSED pursuant to Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

Dated: February 28, 2008

_____
Thomas J. McAvoy
Senior, U.S. District Judge